## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Donald A. Wood, having been first duly sworn, do hereby depose and state as follows:

1. I am a Special Agent of the Federal Bureau of Investigation (FBI), and have been so employed for over eight years. I am currently assigned to the Louisville Division, Hopkinsville Resident Agency. My responsibilities include, among other things, investigating violations of federal sexual abuse laws as set out in Chapter 109A, 18 U.S.C. §§ 2241-2248.

2. Since this Affidavit is being submitted for the limited purpose of supporting a criminal complaint, I have not included each and every fact known to me concerning this investigation, but only those necessary to establish probable cause to believe that Julio Alfaro-Serrano, DOB xx/xx/1940, committed acts in violation of federal law, namely 18 U.S.C. §§ 2241(c) and 2244(a). The statements contained in this Affidavit are based, in part, on information provided by other law enforcement officers, investigation by me and on my own experience and background as a Special Agent of the FBI.

## DEFINITIONS

3. All references to "sexual act" contained in this Affidavit are made in reliance on the definition set out in 18 U.S.C. § 2246(2).



4. All references to "sexual contact" contained in this Affidavit are made in reliance on the definition set out in 18 U.S.C. § 2246(3).

## FACTS AND CIRCUMSTANCES

5. On October 23, 2011, C.P., an adult residing at Fort Campbell Military Base in Fort Campbell, Kentucky, Christian County, Kentucky, and the spouse of a deployed soldier, called the Military Police. During the call, she reported that her daughter, C.N.P., a child under the age of 12, had been sexually assaulted during a sleep over at a friend's house (also located on Fort Campbell Military Base), the night before.

6. Military Police responded to the call. Upon arrival at C.P.'s residence, she told the Military Police that her daughter had spent the night with a neighbor friend. The children had been friends for the past two years and often played together, including sleeping over at each other's homes. According to C.P., C.N.P. told her that during the night, after having gone to bed, her friend's grandpa came into the room and touched her in her private areas, tried to pull her panties off, and wouldn't let her get up to leave. The child explained that she had tricked him by saying she needed to go to the bathroom. When he let her up, she ran downstairs to two other adults in the residence and told them what had happened. According to the child, the adults tried to tell her she had been

dreaming, but she told them she had not been dreaming. The male adult went upstairs to check on the matter. The adults tried to call C.P. but had a prior phone number no longer in use. The next morning, C.N.P. told her friend S.C.E. what had happened. S.C.E. told C.N.P. that something like that had happened to her too.

7. Military Police advised Special Agent (SA) Melissa Taggart, U.S. Army Criminal Investigation Division (CID), of the complaint and what they had learned. SA Taggart met C.P. and her daughter at CID's offices at Fort Campbell. C.P. relayed the same information previously provided to the Military Police to SA Taggart.

8. SA Taggart also interviewed C.N.P. The child told SA Taggart that she had spent the previous night at her friend's house. After eating dinner and playing, the two children laid down in S.C.E.'s bed in her bedroom. Sometime after S.C.E. fell asleep, her grandfather (Alfaro-Serrano) came into the room. He knelt beside the bed, near C.N.P., and began rubbing her "pee pee" outside her clothes. He then attempted to pull down her panties, but she pulled them back up. C.N.P. attempted to sit up two or three times, but was pushed back down by Alfaro-Serrano, who continued to rub C.N.P.'s "pee pee". The child described what Alfaro-Serrano was wearing, that is, underwear, including the color/design.

3



The child told the grandfather she needed to use the bathroom and he let her leave. However, rather than going to the bathroom, she went to the first floor and told her friend's uncle and his girlfriend what had happened. According to the child, the uncle went upstairs. When he returned he said the grandfather was asleep. C.N.P. spent the remainder of the night with her friend's uncle and his girlfriend on the first floor.

9. The child also told SA Taggart that the next morning (October 23, 2011), she and her friend were playing in the garage. C.N.P. told S.C.E. what the grandfather had done to her the night before. S.C.E. told C.N.P. he had done the same thing to her.

10. On October 24, 2011, Sergeant Tracy Mayberry, Hopkinsville Police Department,[1] interviewed S.C.E. at the Pennyrile Children's Advocacy Center, Hopkinsville, Kentucky. During the interview, S.C.E. stated that sometime after her mother left to go to Afghanistan, her grandfather came into her bedroom while she was in her bed. He placed his hand underneath her underwear and touched her

---

[1] Sergeant Mayberry interviewed C.N.P. on October 26, 2011, at Pennyrile Children's Advocacy Center. During that interview, C.N.P. reiterated the same events she had previously disclosed to SA Taggart.

4

private parts. The child also stated she was not sleeping with a blanket at the time and was wearing her Dora the Explorer pajamas.

11. S.C.E.'s mother deployed with her unit from Fort Campbell to Afghanistan in February 2011. In February 2011, the family was living in the same residence as where the events described above occurred on October 22-23, 2011.

12. Law enforcement officials (including Affiant) interviewed Alfaro-Serrano on October 23, 2011. Alfaro-Serrano advised he was a Permanent Resident Alien, originally from El Salvador. Detective Eric Hernandez of the Oak Grove Police Department provided translation. During the interview, Alfaro-Serrano denied any wrongdoing. He did, however, admit to wearing specific underwear to bed and showed the law enforcement officials the underwear. The underwear matched the description provided by C.N.P.



## Conclusion

Based upon all of the information set forth herein, your Affiant respectfully submits that there is probable cause to believe that while in Christian County, Kentucky, which is in the Western District of Kentucky, Julio A. Alfaro-Serrano:

a. On or about and between February 1, 2011 and October 23, 2011, engaged in a sexual act, as defined in 18 U.S.C. § 2246(2)(D), in the territorial jurisdiction of the United States (that is, Fort Campbell Military Base), with S.C.E., a person who has not attained the age of 12 years, in violation of 18 U.S.C. § 2241(c); and

b. On or about October 23, 2011, engaged in abusive sexual contact, as defined in 18 U.S.C. § 2246(3), in the territorial jurisdiction of the United States (that is, Fort Campbell Military Base), with C.N.P., a person who has not attained the age of 12 years, in violation of 18 U.S.C. § 2244(a).

_____
Donald A. Wood
Special Agent
Federal Bureau of Investigation

Sworn to me and subscribed in my presence this 28th day of October, 2011.

_____
W. DAVID KING
United States Magistrate Judge

6

DJH:DS